DEXTER *v.* SOTO NUSSA, JUEZ DE DISTRITO.

SOLICITUD para que se expida mandamiento de *Certiorari.*

No. 38.—Resuelto en diciembre 20, 1907.

ADMINISTRACIÓN JUDICIAL DE LOS BIENES DE UN FINADO—QUIÉNES PUEDEN SOLICITARLO.—La administración judicial de los bienes de un finado debe regularse por el capítulo 5 de la Ley de Procedimientos Legales Especiales y sólo puede solicitarse por el albacea testamentario del mismo, y en caso de que no lo hubiere nombrado, ó á falta de testamento con validez legal, por el cónyuge del finado, ó cualquier heredero forzoso, ó persona que se presente como heredero testamentario ó legatario ó cualquier acreedor con título escrito no asegurado.

ID.—Las disposiciones del artículo 25 de dicha Ley de Procedimientos Legales Especiales, á los efectos de determinar quiénes tienen personalidad para solicitar la administración judicial, deben considerarse en relación con las del artículo siguiente de la misma Ley.

ID.—BIENES DE AUSENTES.—Para que pueda decretarse la administración judicial de los bienes de un ausente, es necesario presentar una solicitud jurada con expresión de las circunstancias necesarias, de acuerdo con el artículo 83 de la Ley de Procedimientos Legales Especiales, debiendo el promovente justificar su personalidad para solicitar tal administración, con arreglo al artículo 93 del Código Civil.

ID.—BIENES DE FINADOS SIN PARIENTES CONOCIDOS.—La administración de los bienes de una persona que muera en Puerto Rico sin dejar parientes conocidos, ó estando éstos ausentes, debe regularse por el Capítulo IV de la referida Ley de Procedimientos Especiales, siendo á la corte de distrito correspondiente á la que compete apreciar los casos en que sea procedente aplicar las disposiciones de dicho capítulo.

Los hechos están expresados en la opinión.

Abogado del peticionario: *Sr. Hord.*

EL JUEZ ASOCIADO SR. HERNÁNDEZ, emitió la opinión del tribunal.

Don Francis H. Dexter víno á esta Corte Suprema en solicitud de auto de *certiorari* contra el juez de la Corte de Distrito de Mayagüez Don Isidoro Soto Nussa, para revisar los procedimientos seguidos por dicha corte sobre administración judicial de bienes allí radicados, pertenecientes á Don Joaquín Sánchez de Larragoiti, ciudadano de los Estados Unidos, fallecido en París el día 23 de julio del corriente año.

Expedido en dos del corriente diciembre el auto solicitado, el mencionado juez ha elevado originales á esta Corte Suprema, los procedimientos á que dicho auto se refiere.

De esos procedimientos resulta que en 23 de noviembre anterior, Don Francis H. Déxter solicitó de la corte de Mayagüez el nombramiento de un administrador judicial de los bienes que en aquel término municipal de Mayagüez había dejado Don Joaquín Sánchez de Larragoiti, ciudadano de los Estados Unidos de América y residente en París, Francia, y pidió que el nombramiento se hiciera á su favor, alegando, al efecto, que el referido Señor había fallecido en París el 23 de julio del corriente año, y que los bienes inmuebles dejados en Puerto Rico consistían únicamente en el edificio y materiales que componen la Central azucarera denominada ''Altagracia,'' junto con un predio de terreno de veinte y dos cuerdas, bienes radicados en la municipalidad de Mayagüez.

La corte de Mayagüez, por resolución del mismo día 23 de noviembre, rehusó hacer el nombramiento de administrador solicitado, por entender que el peticionario carece de personalidad legal para interesar tal administración, con arreglo al artículo 23 de la ley sobre procedimientos legales especiales, aprobada en marzo 9 de 1905, y al título 6°., capítulo único de la propia ley, en relación con el Código Civil.

Encontramos la anterior resolución ajustada á la ley de procedimientos legales especiales, pues, según el artículo 23 de dicha Ley invocado por el juez, la administración judicial de los bienes de un finado sólo puede solicitarse por el al-

bacea testamentario del mismo, y en caso de que no lo hubiere nombrado, ó á falta de testamento con validez legal, por el cónyuge de la persona finada ó cualquier heredero forzoso ó persona que se presente como heredero testamentario ó legatario ó cualquier acreedor con título escrito no asegurado. El peticionario Don Francis H. Dexter no reune ninguno de los caracteres expresados, ni tampoco solicita la administración judicial á nombre de persona que los reuna.

El artículo 25 de la Ley citada, que el peticionario ha invocado ante esta corte para impugnar la resolución de la corte de Mayagüez, tampoco le favorece, pues, no puede reconocérsele personalidad para los efectos de dicho artículo, si éste se considera como debe considerarse, no aisladamente, sino en relación con el artículo siguiente.

En el presente caso se trata de la administración de los bienes de un finado, y, por tanto, debe regularse por las disposiciones del capítulo 5º. de la ley de procedimientos legales especiales; pero si Don Francis H. Dexter quisiera amparar su derecho con el título 6º. de la propia ley, que trata de la administración de bienes de ausentes, tampoco podría prosperar su pretensión, con arreglo al capítulo único de dicho título, en relación con los artículos 93 al 103 del Código Civil; pues ni ha presentado solicitud jurada con expresión de las circunstancias necesarias, ni por derecho propio es parte legítima para iniciar el expediente, según exige el artículo 93, ya citado, del Código Civil.

En principio parécenos que cuando muere una persona con bienes en Puerto Rico y sus bienes están abandonados por falta de parientes conocidos ó por estar éstos ausentes, esos bienes no puedan quedar abandonados, sino que la Corte de Distrito correspondiente, debe proceder á su seguridad, nombrando además un administrador de los mismos, según el capítulo 4º. de la ley referente á procedimientos legales especiales; pero nó á esta Corte Suprema, sino á la de Mayagüez, corresponde apreciar si ha llegado el caso de dar aplicación á aquel principio.

No debemos omitir que en el récord original de los procedimientos seguidos ante la Corte de Mayagüez figura un escrito de Don Francis H. Dexter sin fecha y con diligencia de juramento, también sin fecha y sin firma alguna, en cuyo escrito solicitó el mismo Dexter se le nombrara administrador auxiliar con facultad plena para proteger los intereses de la Sucesión de Don Joaquín Sánchez de Larragoiti en esta Isla, como pudiera hacerse por un administrador domiciliar si el mencionado Joaquín Sánchez de Larragoiti hubiese muerto en Puerto Rico; pero como la corte de Mayagüez no dictó resolución alguna á dicho escrito, ni Dexter reprodujo su contenido ni la solicitud del mismo en el otro escrito que motivó la resolución que ha dado lugar á la demanda de auto de *certiorari*, debemos prescindir de dicha petición de nombramiento de administrador auxiliar, como Dexter prescindió de ella al solicitar el nombramiento de administrador judicial en su segundo escrito de referencia, con tanto mayor motivo cuanto que el mismo Dexter nos dice en su demanda de auto de *certiorari* que presentó su segunda solicitud con objeto de ajustarse á la opinión del juez, quien le manifestó que la primera solicitud no era suficiente ó apropiada ó de acuerdo con las leyes vigentes en Puerto Rico y debía presentar otra, de acuerdo con la ley de procedimientos legales especiales.

Si Don Francis H. Dexter creyó que la primera solicitud era suficiente y ajustada á Ley, no debió presentar la segunda, y en su lugar debió pedir que el juez resolviera aquélla. No habiéndolo hecho así, aceptó las consecuencias de la segunda solicitud, y esa es, por tanto, la que nosotros hemos examinado en relación con la orden que sobre ella dictó la corte de Mayagüez.

Por las razones expuestas, procede se anule el auto de *certiorari* expedido por el juez de la Corte de Mayagüez en 2 de los corrientes, devolviéndole, en su consecuencia, los proce-

dimientos originales que ha elevado á esta Corte Suprema en cumplimiento de dicho auto á los fines procedentes.

*Casado.*

Jueces concurrentes: Sres. Presidente, Quiñones y Asociados, Figueras, MacLeary y Wolf.